## DYCKMAN a. VALIENTE.

*Supreme Court, First District; Special Term, May,* 1865.

### APPEAL FROM ORDER GRANTING A NEW TRIAL.—STAY OF PROCEEDINGS.

The amount of security to be given on an appeal, by the defendant, from an order granting a new trial, is regulated by the *Code of Procedure ;* and the court will not make an order staying proceedings on any other terms.*

The question whether a party has complied with the provisions of the Code in giving security to stay proceedings, can only arise upon a motion to set aside the proceedings of the opposite party taken subsequent to the giving of the security.

Motion to resettle an order.

The defendant, José Valiente, in the above action appealed to the Court of Appeals from an order of the general term reversing a decision of the court below and granting a new trial, and thereupon gave an undertaking, according to § 334 of the Code, in the sum of $250. The plaintiffs, claiming that this did not stay their proceedings, noticed a motion for leave to file a supplemental complaint, and the defendant thereupon moved the court at special term for a stay pending the appeal. The plaintiff opposed this motion, and insisted that if the court should grant a stay, it should do so only on the condition of the de-

---

* But compare McMahon a. Allen, 13 *Abbotts' Pr.*, 126.

fendant giving a bond to secure the amount claimed in the complaint, citing the case of McMahon *a.* Allen in 13 Abbotts' Pr., 126. The judge reserved his decision, and a few days afterwards denied the motion in the following terms: "Motion denied; if the defendants want a stay, they should give the security required by the Code."

The defendant thereupon entered up an order denying their motion, and embodying this memorandum of the judge.

The plaintiff moved to resettle the order by striking out the words "if the defendants want a stay, they should give the security required by the Code."

*Henry A. Cram*, for the plaintiff, insisted that the case was wholly unprovided for in the Code, and relied on McMahon *a.* Allen (13 *Abbotts' Pr.*, 126) as disposing of the whole case.

*I. T. Williams*, for the defendant, argued that as this case was not included in sections 335–338 of the Code, the case necessarily fell under section 342, and hence the court had no discretion or authority in the matter.

BARNARD, J.—The order of 23d February, 1865, signed by me, must be amended by striking out the words "and that if the defendants want a stay, they must give the security required by the Code." This language was used in the decision of the motion merely for the purpose of showing the ground on which the motion was denied. I was of opinion, and am still, that the Code makes ample provision for the staying of proceedings in cases of this character. The Code having made such provision, a party desiring a stay must comply therewith. The court will not make an order staying proceedings on any different terms than those required by the Code, nor will it make an order directing proceedings to be stayed upon the giving of the security required by the Code. The giving of that security stays proceedings by force of the statute, without any interference of, or order from the court.

The question whether a party has complied with the provisions of the Code, can only arise upon a motion to set aside the proceedings of the opposite party taken subsequent to the giving of the security.